OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

| | |
|---|---|
| Peter T. Dalleo<br>CLERK OF COURT | LOCKBOX 18<br>844 KING STREET<br>U.S. COURTHOUSE<br>WILMINGTON, DELAWARE 19801<br>(302) 573-6170 |

July 29, 2008

**Daniel Paskins**
203178
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:   **Civil Action No. 08-385-SLR- Request to compel disclosure of Court of Common Pleas transcripts**

Dear Mr. Paskins:

The Clerk's Office is in receipt of the above referenced papers, please be advised that per the Order Dismissing application for writ of habeas corpus dated 07/22/2008 (enclosed herewith) this case is closed.

Nothing contained in this letter is intended to express an opinion as to the merits of any claims which you may be alleging.

Sincerely,

/ld

PETER T. DALLEO
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL PASKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08-385-SLR |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

At Wilmington this 18th day of July, 2008;

IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** as second or successive. (D.I. 1) Petitioner has filed at least four prior second or successive applications for habeas corpus relief in this court. See Paskins v. Carroll, C.A. No. 05-161-SLR, Order (D. Del. April 5, 2005); Paskins v. Carroll, C.A. No. 03-36-SLR, Order (D. Del. Jan. 15, 2003); Paskins v. Carroll, 2002 2003 WL 21844234 (D. Del. July 25, 2003); Paskins v. Carroll, 2002 WL 1268048 (D. Del. May 8, 2002). The instant application constitutes a second or successive habeas petition for the purposes of 28 U.S.C. § 2244 because it does not challenge conduct that occurred subsequent to the filing of petitioner's earlier applications. See Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d Cir. 2005). The record reveals that petitioner filed the instant application without first obtaining permission from the Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b)(1). Therefore, the court does not have

the authority to review the application. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

    2. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2.

    3. The clerk is directed to close the case.

                                                _____
                                                United States District Judge